## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Khammesherma Smith, | ) | Civil Action No. 6:22-cv-03177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| A Nathaniel, Ofc. Pugh, Ofc. Alston | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 20) recommending the Court deny Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 2). For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

Plaintiff, Khammesherma Smith, is a prisoner proceeding *pro se* and brings claims pursuant to 42 U.S.C. § 1983 regarding events that occurred while he was a pretrial detainee in the Sumter County Detention Center. (Dkt. No. 1). Plaintiff is currently incarcerated at the Kershaw Correctional Institution. (*Id.*). On September 19, 2022, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. No. 2). On December 5, 2022, the Magistrate Judge issued an R & R recommending the Court deny Plaintiff's motion to proceed *in forma pauperis* and require Plaintiff to pay the requisite filing fees. (Dkt. No. 20). Plaintiff has not filed objections to the R & R. The matter is ripe for the Court's adjudication.

**II.    Legal Standard**

    **A.     *Pro Se* Pleadings**

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### B.    Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff has not filed objections and the R & R is reviewed for clear error.

## III.    Discussion

Upon a careful review of the record and the R & R, the Court finds the Magistrate Judge comprehensively analyzed the issues and correctly determined that Plaintiff is subject to the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA") and should therefore be required to pay filing feess associated with filing the instant case. (Dkt. No. 20).

Under the PLRA, a Court may not grant *in forma pauperis status* to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) ("three-strikes rule"). Regardless of whether dismissal is with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727. There is an exception to the three-strikes rule for imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). To satisfy the imminent danger element, Plaintiff must have alleged facts that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception. *Johnson v. Warner*, 200 Fed. Appx. 270, 272 (4th Cir. 2006).

At least three courts have found that Plaintiff has received at least three dismissals and designated them as strikes pursuant to 28 U.S.C. § 1915(g).[1] The Magistrate Judge correctly

---

[1] Citing Plaintiff's prior actions that were specifically dismissed and designated as strikes pursuant to 28 U.S.C. § 1915(g*). Smith v. Campbell, et al.*, C/A No. 6:22-cv-023840HMH, at Dkt. No. 31 (D.S.C. Dec. 2, 2022) (dismissed and designated a strike under 28 U.S.C. § 1915(g)); *Smith v. Logan, et al.*, C/A No. 6:22-cv-02667-HMH, 2022 WL 14763210 (D.S.C. Oct. 25, 2022) (dismissed and designated a strike under 28 U.S.C. § 1915(g)); *Smith v. Tobey, et al.*, C/A No. 6:22-cv-02666-HMH, 2022 WL 4466696 (D.S.C. Sept. 26, 2022) (dismissed and designated a strike under 28 U.S.C. § 1915(g)); *Smith v. The S.C. Dep't of Corrs., et al.*, C/A No. 6:22-cv-01433-HMH, 2022 WL 4276983 (D.S.C. Sept. 15, 2022 (dismissed

determined that Plaintiff is unable to proceed *in forma pauperis* in this action for failing to demonstrate imminent danger of serious injury because the allegations in the complaint are alleged to have occurred in the past while housed as a pretrial detainee in the Sumpter County Detention Center, whereas Plaintiff is currently incarcerated at Kershaw Correctional Institution. As Plaintiff has received at least three dismissals and accumulated three-strikes pursuant to the PLRA, he is unable to proceed until he pays the full filing fees associated with this action.

### IV.   Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 20). Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. (Dkt. No. 2). Plaintiff is instructed to pay the full filing fees associated with this action within twenty-one (21) days, or the case will be dismissed.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 5, 2023
Charleston, South Carolina

---

and designated a strike under 28 U.S.C. § 1915(g)); *Smith v. Cooke*, C/A No. 3:22-cv-02136-HMH, 2022 WL 3969591 (D.S.C. Aug. 31, 2022) (dismissed and designated a strike under 28 U.S.C. § 1915(g)).